■    MARTIN G. MILLER, an Infant, by His Guardian ad Litem FRANK MILLER, et al., Respondents, v. FRANK HAINZL, Doing Business as TALLWOOD LODGE, Appellant.— Order unanimously reversed in the exercise of discretion, with $20 costs and disbursements to the appellant and the motion to restore denied, with $10 costs. This action, which was commenced in 1952, came on for trial in February, 1957 and was marked "Ready" for three successive days. It was assigned to Part V on February 7, 1957 and then passed until February 8. On that date, counsel for plaintiff applied for an adjournment to April, 1957 on the ground that plaintiff's father (guardian ad litem) had suffered two heart attacks since December, 1956 and it was essential that plaintiff's mother, who was to be a witness, accompany the father to Florida for his health. The Justice presiding in Part V, while refusing to grant the delay, obtained an agreement from counsel to take the mother's deposition before her departure to Florida. Accordingly, the trial was adjourned to February 14. On the latter date, plaintiff's attorney again requested an adjournment because the mother had departed for Florida. Her deposition had not been taken, it was averred, because the father's physician had advised that the father's condition would be adversely affected by the mother's participation in the lawsuit at that time. Upon counsel's rejection of the court's proffer of an adjournment for two or three more days, defendant's motion to dismiss was granted. Four months later, in June, 1957, plaintiff moved to restore the cause to the calendar. The order granting that motion is the subject of this appeal. While a court has discretionary power to open defaults in the furtherance of justice, that discretion is not properly exercised in a

case where the default is deliberate. Here the facts demonstrate plaintiff took a calculated risk of dismissal after every reasonable opportunity was given to proceed with the trial. We are not satisfied that the deposition of the mother could not have been taken, with all due regard to the health of the father, before the witness left the jurisdiction. In the circumstances of this case, the court should not have exercised its discretion to open the default. Concur — Botein, P. J., Valente, McNally, Stevens and Bergan, JJ.